IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TANYA PENDERGRASS-WALKER,** *et al.* | : | CIVIL ACTION |
| *Plaintiffs* | : | |
| | : | NO. 16-5630 |
| v. | : | |
| | : | |
| **GUY M. TURNER, INC.,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 JUNE 21, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

      Before this Court is a *motion to dismiss, or, in the alternative, to transfer* filed pursuant to 28 U.S.C. §1406(a) and Federal Rules of Civil Procedure ("Rules") 12(b)(1), 12(b)(2), and 12(b)(3) by Defendant Guy M. Turner, Inc., a/k/a Turner Transfer ("Turner"),[1] [ECF 22], a *motion to transfer venue* filed pursuant to 28 U.S.C. §§1406(a) and 1404(a) by Defendants National Railroad Passenger Corp. ("Amtrak") and CSX Transportation, Inc., ("CSX") (collectively with Turner, "Defendants"), [ECF 26], as well as the responses in opposition filed by Plaintiffs Tanya Pendergrass-Walker, Phinezy Walker, Jr., Minnie Pendergrass, and Tia

---

[1] Turner's Rule 12(b) motion to dismiss is untimely since it was filed after Turner filed its answer to the complaint. Clearly, a Rule 12(b) motion to dismiss must be filed before any responsive pleadings. *See* Fed. R. Civ. P. 12(b) (requiring that "[a] motion asserting any of [the listed] defenses [in Rule 12(b)(1)-(7)] must be made *before* pleading if a responsive pleading is allowed"). By choosing not to file its motion prior to its responsive pleading, Turner waived its right to seek dismissal of Plaintiffs' complaint by way of a Rule 12(b) motion. *See CoActiv Capital Partners, Inc. v. Feathers*, 2009 WL 1911673, at *2 (E.D. Pa. July 1, 2009) (Rule 12(b)(3) motion must be filed before a responsive pleading); *see also Yearwood v. Turner Const. Co.*, 2011 WL 570003, at *1 n.3 (E.D. Pa. Feb. 15, 2011) (reaching the same conclusion with respect to a Rule 12(b)(2) motion). Notwithstanding the untimeliness of Turner's motion to dismiss, this Court finds that Turner has preserved its objections to venue by raising the defense in its answer to the complaint, *see CoActiv,* 2009 WL 1911673, at *2 (a party may challenge venue by including the defense in a responsive pleading), and, accordingly, will consider the various arguments Turner made in support of its motion to transfer venue.

1

Martin ("Plaintiffs"), [ECF 24, 28], and the reply filed by Defendants Amtrak and CSX. [ECF 32]. The issues presented in the motions have been fully briefed and are ripe for disposition.

For the reasons set forth herein, Defendants' motions to transfer venue are granted. In the interests of justice, this matter is transferred pursuant to 28 U.S.C. §1406(a), to the United States District Court for the Eastern District of North Carolina.

**BACKGROUND**

Plaintiffs are residents of Pennsylvania. (Compl. at ¶¶ 1-3) [ECF 1]. On March 9, 2015, Plaintiffs suffered injuries when the Amtrak train on which they were passengers struck a tractor-trailer, owned and operated by Turner, at a railroad crossing in Halifax, North Carolina. (*See id.* at ¶¶ 16-31). The complaint does not allege the principal place of business or the state of incorporation of any of the Defendants. Instead, the complaint indicates that Amtrak and CSX "regularly conduct and/or transact business" in the Eastern District of Pennsylvania, (*id.* at ¶¶ 10-11), and that Turner "regularly operates tractor-trailers in Pennsylvania," and, more particularly, "within the Eastern District of Pennsylvania." (*Id.* at ¶ 8).

Defendants filed the instant motions objecting to venue in this Court. Turner seeks the dismissal of the complaint or, alternatively, joins the other Defendants in requesting that this matter be transferred to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §1406(a), where the train collision underlying Plaintiffs' claims occurred.

**LEGAL STANDARDS**

Generally, 28 U.S.C. §1390 *et seq.*, governs venue in federal court. Specifically, Section 1391(b) provides:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* §1391(b)(1)-(3).

For venue purposes, a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." *Id.* at §1391(c)(2). If venue is improper, the district court has the discretion to either dismiss the case or, if it be in the interest of justice, transfer it to a district in which it could have originally been brought. *Id.* at §1406(a). A defendant filing a §1406(a) motion to transfer venue has the burden of proving that venue is improper. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1981) (establishing that "the defendant should ordinarily bear the burden of showing improper venue"); *see also Reitnour v. Cochran*, 1987 WL 9774, at *1 n.1 (E.D. Pa. Apr. 22, 1987) (defendant, as the movant, bears burden of proving improper venue in context of §1406(a) motion).

To determine personal jurisdiction over a nonresident defendant corporation, courts undertake a two-step analysis; *to wit:* (1) the court looks to the forum state's long-arm statute to determine if personal jurisdiction is permitted over the defendant, and (2) assuming that there is a basis for asserting personal jurisdiction under the state statute, the court must determine whether the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment.[2] *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

The due process clause of the Fourteenth Amendment requires that a defendant have "minimum contacts" with the forum state, and that the exercise of jurisdiction comport with

---

[2] In this District, Pennsylvania's long-arm statute authorizes courts to exercise personal jurisdiction to the full extent permitted by the due process clause of the United States Constitution. *See* 42 Pa. Cons. Stat. Ann. §5322(b); *see also Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001).

3

"traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). The determination of whether minimum contacts exist requires an examination of "the relationship among the forum, the defendant and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Federal courts have recognized two types of personal jurisdiction which comport with these due process principles; *to wit:* specific and general jurisdiction. *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). "Where the plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum, the court is said to exercise 'specific jurisdiction.'" *IMO Indus.*, 155 F.3d at 259 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hail*, 466 U.S. 408, 414 n.8 (1984)). In determining whether there is specific jurisdiction over a nonresident defendant, courts undertake a three-part inquiry. *See O'Connor v. Sandy Lane Hotel Co.,* 496 F.3d 312, 317 (3d Cir. 2007). "First, the defendant must have 'purposefully directed his activities' at the forum." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claim must "arise out of or relate to" at least one of those activities. *Helicopteros*, 466 U.S. at 414. Third, assuming that the first two requirements are met, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quotation marks and citations omitted); *see also O'Connor*, 496 F.3d at 317.

In contrast, general jurisdiction may be asserted over a nonresident defendant even when the cause of action has no relation to the defendant's contacts with the forum if the defendant's "affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, __ U.S. __, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, 564 U.S. 915, 923 (2011))

4

(quotation marks omitted); *see also Helicopteros*, 466 U.S. at 414. "The 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business . . . ." *BNSF Ry. Co. v. Tyrrell*, __ U.S. __, 137 S. Ct. 1549, 1552 (2017) (citing *Daimler*, 134 S.Ct. at 760); *see also Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016). In addition to the two paradigm bases, general jurisdiction may arise in the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 n.19; *see also Chavez*, 836 F.3d at 223 ("It is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business.") (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[I]n our view *Daimler* established that, except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases.") (citation omitted). However, "[a] corporation's 'continuous activity of some sort within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Goodyear*, 564 U.S. at 927 (quoting *Int'l Shoe*, 326 U.S. at 318).

"When a defendant raises the defense of the court's lack of personal jurisdiction," the plaintiff bears the burden of coming forward "with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). To meet this burden, a plaintiff may not rest on mere allegations in the complaint, but must support the jurisdictional allegations with affidavits or other competent evidence. *See Patterson by Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) ("[A]t no point may a plaintiff rely on the

bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction . . . . Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.") (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)).

**DISCUSSION**[3]

Here, Defendants argue that venue is not proper in the Eastern District of Pennsylvania under §1391(b) because this Court lacks personal jurisdiction over Turner, and that this Court

---

[3] Although Turner's Rule 12(b)(1) motion was untimely filed, this Court finds it prudent to briefly address Turner's argument with respect to subject matter jurisdiction. *See* Rule 12(h)(3); *see also Commonwealth, Dep't of Envtl. Prot. v. FDIC*, 1997 WL 634495, at *3 (E.D. Pa. Sept. 26, 1997) (citing Rule 12(h)(3) for the proposition that a court may address subject matter jurisdiction *sua sponte* "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter"). Specifically, Turner argues that this Court has neither federal question nor diversity jurisdiction over the instant matter. Turner is mistaken. It is well-settled law in this Circuit that federal courts have original jurisdiction over all claims asserted against federally charted corporations in which the United States holds "more than one-half of [the corporation's] capital stock." 28 U.S.C. §1349; *see also McManus v. Glassman's Wynnefield, Inc.*, 710 F. Supp. 1043, 1044 (E.D. Pa. 1989) (internal citations omitted). Amtrak is a federally charted corporation whose stock is wholly owned by the United States. Therefore, this Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1349. *See Hollus v. Amtrak Northeast Corridor*, 937 F. Supp. 1110, 1113-14 (D.N.J. 1996) (citing a number of federal cases for the proposition that federal courts have subject matter jurisdiction over any action involving Amtrak because it was created by an Act of Congress and the United States continues to own greater than fifty percent of its capital stock); *Hicks v. Amtrak Corp.*, 1989 WL 71274, at *1 (E.D. Pa. June 26, 1989) (noting that any suit asserted against Amtrak was within the original jurisdiction of the federal courts).

Since this Court has original jurisdiction over all claims asserted against Amtrak, it may exercise supplemental jurisdiction over all of Plaintiffs' claims against the remaining Defendants pursuant to 28 U.S.C. §1367(a), which provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Plaintiffs' claims against the remaining Defendants arise from the same accident and, thus, from a "common nucleus of operative fact." *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Hollus*, 937 F. Supp. at 1110. Therefore, because this Court has federal jurisdiction over all claims asserted against Amtrak pursuant to §§1331 and 1349, it may exercise supplemental jurisdiction over any remaining claims pursuant to §1367(a).

should transfer this case to the Eastern District of North Carolina,[4] a proper venue under §§1391(b)(1) and (2). In response, Plaintiffs contend that this Court has jurisdiction and that venue is proper in this district pursuant to §1391(b)(1) because all of the Defendants are residents of Pennsylvania. This Court disagrees, and finds that Plaintiffs have not established that this Court may exercise either general or specific personal jurisdiction over Turner.

Specifically, §1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if *all* defendants are residents of the State in which the district is located." 28 U.S.C. §1391(b)(1) (emphasis added). No one disputes that Amtrak and CSX are residents of Pennsylvania. Rather, the dispute centers on whether this Court has personal jurisdiction, be it specific or general, over Turner since §1391(b)(1) requires "all Defendants" to be residents of Pennsylvania. As stated, for purposes of venue, a defendant corporation is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* §1391(c)(2).

As noted, Plaintiffs bear the burden of establishing, through sworn evidence or other competent evidence, that this Court may exercise either specific or general jurisdiction over Turner. To exercise specific jurisdiction over a defendant, a plaintiff's cause of action must arise from, or relate to, the defendant's contacts with the forum. *See Helicopteros*, 466 U.S. at 414 n.8. Here, the accident giving rise to this lawsuit did not occur in Pennsylvania, nor did it arise out of any contact Turner may have had with Pennsylvania. Simply stated, the train accident involving Turner's tractor-trailer occurred in North Carolina. Thus, there is no basis for the exercise of specific jurisdiction over Turner. *See Decker v. Dyson*, 165 F. App'x 951, 953 (3d Cir. 2006) (concluding that the United States District Court for the Middle District of

---

[4] As noted, Defendant Turner also moves for dismissal of the Complaint pursuant to Rule 12(b)(2). This argument has been addressed in footnote 1.

7

Pennsylvania could not exercise specific jurisdiction over defendant, a resident of Georgia, on the basis that he was "involved in a motor vehicle collision in Georgia" that involved Pennsylvania passengers); *see also Evers v. Coryn Grp., Inc.*, 2011 WL 1666900, at *3 (E.D. Pa. May 3, 2011) (finding that the court lacked specific jurisdiction over a nonresident defendant in a premises liability case because the claims arose from an accident that occurred in a hotel in the Dominican Republic).

Plaintiffs have also failed to establish that this Court may permissibly exercise general jurisdiction over Turner. Pennsylvania is not a "paradigm" forum, *Daimler*, *supra*, in which Turner is "at home" for the purposes of personal jurisdiction. In support of its motion, Turner presents an affidavit from Jeanette A. Landreth, Turner's chief financial officer (the "Landreth Declaration"), in which Landreth attests that Turner is neither incorporated in Pennsylvania nor maintains a principal place of business in this Commonwealth; rather, it is incorporated and maintains its principal place of business in North Carolina. (*See* Decl. of Jeanette A. Landreth, att. as Ex. C. to Turner's Mot. to Dismiss at ¶ 7) [ECF 22-4]. Plaintiffs do not offer any rebuttal to these particular facts. Thus, this Court lacks a basis to exercise general jurisdiction over Turner.

Finally, although Plaintiffs did not argue that this was an "exceptional case" warranting the exercise of jurisdiction over Turner outside the two paradigm forums, even if they had made this argument, it would have failed. To show that this is an "exceptional case," Plaintiffs would have had to show that Turner's affiliations with Pennsylvania are "so continuous and systematic as to render it essentially at home" in Pennsylvania. *See Goodyear*, 564 U.S. at 919. Plaintiffs have failed to do so. Turner, on the other hand, has submitted the Landreth Declaration, in which it attests that Turner has not owned or maintained any real property in Pennsylvania, (*see*

Landreth Decl. at ¶¶ 12), has not owned or operated an office in Pennsylvania for the past two years, (*see id.* at ¶ 13), has had no employees or corporate officers working or residing in Pennsylvania, (*id.* at ¶¶ 17-19), has no registered agent for service in Pennsylvania, (*id.* at ¶ 16), and has never owned or maintained any assets or bank accounts in Pennsylvania, (*see id.* at ¶¶ 20-22). Plaintiffs have not rebutted Landreth's declaration with any affidavit or other competent evidence, or offered any evidence that Turner is essentially "at home" in Pennsylvania. Instead, they simply make bald allegations that Turner has "sufficient contacts" with Pennsylvania, including, *inter alia:* that Turner "continuously operates tractor-trailers in the Commonwealth of Pennsylvania" and operates an office in Pittsburgh, Pennsylvania. (*See* Pltfs. Resp. in Opp. to Turner's Mot. to Dismiss/Transfer Venue at ¶ 4) [ECF 24]. Turner's use of Pennsylvania highways, however, is not sufficient to support the exercise of general jurisdiction. *See, e.g., Carney v. Bill Head Trucking*, 83 F. Supp. 2d 554, 557-58 (E.D. Pa. 2000) (applying more liberal, pre-*Daimler* standards to determine that the court could not exercise general jurisdiction over a trucking company who had, "from time to time, used the roads and highways of Pennsylvania"). Furthermore, as Defendants point out, a cursory review of Turner's website, which is publicly available, reveals that the "Pittsburgh" office is actually located in West Virginia, not Pennsylvania. These allegations alone are insufficient to show that Turner is "essentially at home" in Pennsylvania, as required under *Goodyear* and *Daimler*, *supra.* At most, Plaintiffs' contentions establish that Turner has *some* business presence in Pennsylvania. Plaintiffs have not challenged Defendants' jurisdictional defense with "actual proof," rather than "mere allegations." *Time Share,* 735 F.2d 61, 66 n.9; *see also Hurley v. Cancun Playa Oasis Int'l Hotels*, 1999 WL 718556, at *1 (E.D. Pa. Aug. 31, 1999) (stating that "[g]eneral averments in an unverified complaint or response [to a motion to dismiss] without the support of sworn

affidavits or other competent evidence are insufficient to establish jurisdictional facts"). Furthermore, Plaintiffs have not provided this Court with any evidence to substantiate that Turner has amassed sufficient contacts with Pennsylvania as to render Turner "essentially at home" in Pennsylvania. *See Daimler*, 134 S. Ct. at 751-52 (explaining that regional offices are not enough to consider a corporation "at home" in a forum in which it does not have its principal place of business or its place of incorporation); *see also Sonera Holding B.V. v. Cukurova Holding A.S.,* 750 F.3d 221, 226 (2d Cir. 2014) (noting that *Daimler* makes it "clear that even a company's engage[ment] in a substantial, continuous, and systematic course of business is alone insufficient to render it at home in a forum") (internal citation and quotations omitted); *Krishanti v. Rajaratnam*, 2014 WL 1669873, at *7 (D.N.J. Apr. 28, 2014) ("It is clear from *Daimler* that the physical presence of a corporation in a state does not necessarily render the corporation 'at home' in that state."). Because Plaintiffs have made no showing that Turner's contacts with Pennsylvania "are so continuous and systematic as to render it essentially at home in this state," *Daimler*, 134 S. Ct. at 762 (internal quotations and citation omitted), this Court lacks general jurisdiction over Turner under the "exceptional case" standard. Consequently, §1391(b)(1) does not apply since Plaintiff has not established that all of the Defendants are "residents" of Pennsylvania, as the term is defined by §1391(c)(2).

Notably, Plaintiffs have not made any argument that either §1391(b)(2) or §1391(b)(3) are applicable here, which this Court agrees. Under §1391(b)(2), venue in this district is not proper since "a substantial part of the events or omissions giving rise to" Plaintiffs' claims did not occur here. Likewise, under §1391(b)(3), Plaintiffs cannot establish venue in this district since another judicial district exists which satisfies the requirements of §§1391(b)(1) or (b)(2), *i.e.*, the Eastern District of North Carolina, where venue appears to be proper under either

§§1391(b)(1) or 1391(b)(2), as the accident that forms the basis for the lawsuit occurred in that district and all three Defendants are subject to specific personal jurisdiction there. Accordingly, this Court concludes that venue is not properly laid in this judicial district under either §§1391(b)(1), (b)(2), or (b)(3).

When a court determines that an action has been filed in an improper venue, §1406(a) allows the court to dismiss the case or transfer the case, "in the interest of justice," to any district "in which it could have been brought." 28 U.S.C. §1406(a); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962). As noted, venue is proper in the Eastern District of North Carolina pursuant to §1391(b)(2) because: (1) a "substantial part of the events or omissions giving rise" to Plaintiffs' claims occurred within that judicial district, and (2) personal jurisdiction is proper in the Eastern District of North Carolina with respect to all three corporate Defendants. This Court finds that the interests of justice would be better served by a transfer of venue, as opposed to dismissing this matter. A transfer of venue will prevent the Plaintiffs from incurring additional filing expenses and avoid the potential statute of limitations problems that would likely arise from a dismissal at this point. *See Feldman v. Bally's Park Place, Inc.*, 2006 WL 1582331, at *6 (E.D. Pa. Jun. 5, 2006) ("Normally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.") (citation omitted); *see also Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 425 (E.D. Pa. 2005) (exercising discretionary powers to transfer a case when statute of limitations problems would arise from dismissal for improper venue). Under these circumstances, this matter is transferred to the United States District Court for the Eastern District of North Carolina.

**CONCLUSION**

For the reasons set forth herein, Defendant Turner's motion to dismiss is denied, and Defendants' joint motions to transfer are **GRANTED**. Consequently, this matter is transferred to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. §1406(a). An appropriate order will follow.


NITZA I. QUINONES ALEJANDRO
Judge, United States District Court for EDPA.